# UNITED STATES DISTRICT COURT * WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **AUTOMATED DIGITAL TECHNOLOGIES, LLC** | **DOCKET NO:** _____ |
| **VERSUS** | |
| | **JUDGE:** _____ |
| **BAILIWICK, INC. & JOHN BRAND** | |
| | **MAGISTRATE:** _____ |

## COMPLAINT

NOW INTO COURT comes Automated Digital Technologies, LLC ("ADT"), a Louisiana limited liability company with all of its members domiciled in Louisiana, appearing herein as the Plaintiff through undersigned counsel, who respectfully avers as follows:

### PARTIES, JURISDICTION, & VENUE

1. Made Defendants herein are:

   a. Bailiwick, Inc. ("BAILIWICK"), a non-resident foreign corporation with its principal place of business in Minnesota; and

   b. John Brand ("BRAND"), a non-resident major domiciled in Minnesota.

2. As an action on an open account and breach of contract which was confected, serviced, and breached in Ouachita Parish, Louisiana, venue is proper before this Honorable Court.

3. And as an action between completely diverse parties, jurisdiction is proper before this Honorable Court under 28 U.S.C. § 1332.

### FACTS COMMON TO ALL COUNTS[1]

4. In October of 2014, BAILIWICK contracted with ADT to provide cable repair/replacement services at the CenturyLink Expansion Center in Monroe, Louisiana

---

[1] The facts alleged herein below are constructively incorporated into each count below as if re-alleged in full.

at a rate of $49/hour ("The Project").

5. On November 6, 2014, BAILIWICK – acting through BRAND and Dan Lehman – personally visited The Project in Monroe, Louisiana and determined that additional labor would be required to complete The Project on time.

6. On that same date, BAILIWICK – acting through BRAND and Dan Lehman – met in person in Monroe, Louisiana with ADT – acting through Chip Pierce, Jason Cohenour, and Aaron Wright – to discuss the anticipated additional costs for this work. In this meeting and in front of all these witnesses, Chip Pierce explicitly informed BRAND and Dan Lehman of the anticipated costs, to which he BRAND replied: "Just get it done – we have to get this done."[2]

7. Based on BAILIWICK's representations and assurances, ADT agreed to perform the extra work necessary to complete The Project.

8. ADT performed the work requested by BAILIWICK in a good, timely, and workmanlike manner.

9. However, despite repeated amicable and written demands, BAILIWICK has failed to pay for the work rendered by ADT, leaving a remaining balance of $311,814.[45].

**COUNT 1: DELINQUENT OPEN ACCOUNT & BREACH OF CONTRACT**

10. Under LSA-R.S. 9:2781, an "open account"

> includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services…

11. Therefore, the relationship described herein above amounts to both an "open account"

---

[2] Notably in December of 2014, BAILIWICK also authorized and approved ADT overtime for The Project in writing.

2

and a "contract" between BAILIWICK – as the obligor – and ADT – as the obligee – under Louisiana law.

12. BAILIWICK is therefore liable unto ADT for the total unpaid amount – specifically, $311,814.45.

## COUNT 2: ATTORNEY FEES

13. Under LSA-R.S. 9:2781

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefore correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees…Citation and service of a petition shall be deemed written demand for the purpose of this Section...The person [debtor/defendant] shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant's attorney within [15] days after service of the petition…

14. Accordingly, unless BAILIWICK pays the full amount owed within 15 days after service of this Complaint, ADT will be entitled to "reasonable attorney fees" – 1/3rd of the principal – in the amount of $102,898.77.

## COUNT 3: LOSS OF PROFITS

15. Under LSA-C.C. art. 1995

> Damages are measured by the loss sustained by the obligee and the profit of which he has been deprived.

16. Obviously, BAILIWICK's breach and failure to pay has caused damages to ADT in the form of costs and unrealized profits related to work performed on The Project. However, BAILIWICK's breach has also caused damages to ADT in the form of future lost profits.

17. The Project required a commitment of virtually all of ADT's resources and manpower, placing ADT in an incredibly vulnerable position. Consequently, when BAILIWICK failed to pay, ADT spiraled into an unrecoverable state of financial disrepair.

18. Today, ADT – a company which had been thriving and profitable for the preceding 14 years – is now completely out of business. BAILIWICK's failure to pay what was owed to ADT under The Project has, quite simply, killed ADT's business.

19. Accordingly, ADT has lost and will continue to lose millions of dollars worth of future profits as a direct and proximate result of BAILIWICK's failure to honor its contractual obligations to timely pay for services rendered by ADT.

## COUNT 4: DETRIMENTAL RELIANCE

20. Under LSA-C.C. art. 1967

    A party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the…damages suffered as a result of the promisee's reliance on the promise.

21. Again, BAILIWICK made a promise upon which ADT reasonably relied to its detriment – specifically, BAILIWICK promised it would pay ADT for services rendered related to The Project, including overtime necessary to complete The Project. And BAILIWICK's failure to honor that promise has caused ADT to lose profits – past, present, and future – and to go completely out of business.

22. Therefore, BAILIWICK is liable unto ADT under the doctrine of "Detrimental Reliance."

## COUNT 5: BAD-FAITH DAMAGES

23. Under LSA-C.C. art. 1997

    An obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform.

24. There was no good-faith reason for BAILIWICK's breach and failure to pay. Therefore, BAILIWICK's breach and failure to pay was in bad-faith.

25. Consequently, BAILIWICK is liable for all damages – foreseeable or not – which were directly caused by its bad-faith breach and failure to pay ADT.

## COUNT 6: INDIVIDUAL/OFFICER LIABILITY

26. Under LSA-C.C. art. 1953

> Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

27. Once again, on November 6, 2014, BRAND told ADT representatives that BAILIWICK approved, authorized, and would timely pay all invoices for work performed on The Project. However, on information and belief, BRAND made this misrepresentation knowing full-well that neither he nor BAILIWICK would be willing to pay ADT's charges. To the contrary, BRAND made this misrepresentation under the (mistaken) belief that he and BAILIWICK could take advantage of ADT because it was a small company with no in-house counsel or lawyer on retainer.

28. ADT would have never performed the extra work on The Project without the assurances from BRAND. Accordingly, BRAND's material misrepresentations which directly caused damages to ADT constitute fraud (against both BRAND and BAILIWICK) under LSA-C.C. art. 1953.

29. So, to recap ADT's claim of fraud, here are the following non-exclusive particulars:

   a. <u>Who</u>: BRAND – acting for BALIWICK – negotiating with Chip Pierce, Jason Cohenour, and Aaron Wright – acting for ADT.

   b. <u>Where</u>: El Chile Verde Restaurant in Ouachita Parish, Louisiana.

   c. <u>When</u>: November 6, 2014.

   d. <u>What</u>: BRAND promised that BAILIWICK would timely pay for all services rendered by ADT related to The Project, including overtime. On information and

5

belief, this misrepresentation was made with the intent of obtaining an unjust advantage in favor of BAILIWICK – specifically, BAILIWICK was getting pressure to complete The Project on time and it therefore needed immediate and extraordinary services from ADT. Instead of asking for more time to complete The Project, BRAND and BAILIWICK made the calculated business decision to have ADT perform the immediate and extraordinary work necessary to complete The Project with no intention of ever compensating ADT for its services.

30. ADT reserves the right to amend this Complaint to add additional officers and employees of BAILIWICK once discovery is conducted and more information becomes available.

## PRAYER & REQUEST FOR JURY TRIAL

WHEREFORE, Plaintiff, ADT, respectfully prays for a jury trial and, thereafter, a judgment its favor and against BAILIWICK and BRAND for the following amounts:

(i) principal damages in the amount of $311,814.45;

(ii) attorney fees in the amount of $102,898.77;

(iii) lost profits – past, present, and future – in an amount to be determined at trial;

(iv) bad-faith damages; and

(v) court costs, plus legal interest.

    **Respectfully submitted,**

*Russell A. Woodard, Jr.*
RUSSELL A. WOODARD, JR. (#34163)
**BREITHAUPT, DUNN, DUBOS, SHAFTO & WOLLESON, LLC**
1811 Tower Dr., Suite D
Monroe, La. 71207
Telephone: (318) 322-1202
Facsimile: (318) 322-1984
E-mail: rwoodard@bddswlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of June 2016, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Russell A. Woodard, Jr.*

6